[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this petition for writ of habeas corpus, it is claimed that petitioner is being denied credit for time spent in confinement while unable to obtain bond as provided by General Statutes § 18-98d.
For reasons hereinafter stated, the petition is dismissed.
In his petition, it is claimed that petitioner is being denied 135 days of pretrial confinement to which he is entitled under the law. The evidence indicates that on or about May 26, 1999, petitioner was arrested on federal charges and lodged in a Department of Correction's facility. On or about September 7, 1999, the federal charges were dismissed and petitioner was arrested and held in lieu of bond on state charges. On October 8, 1999, after a plea of guilty, petitioner was convicted of violations of General Statutes § 53a-136 and § 53a-123 and sentenced to two concurrent five-year terms of incarceration. On December 2, 1999, petitioner was sentenced to a one-year concurrent sentence for violation of General Statutes § 53a-172. Petitioner was awarded correct pretrial confinement credit for the time that he spent in state custody after his arrest on state charges. He received no credit for the time spent while incarcerated on the federal charges.
General Statutes § 18-98d which allows for presentence confinement credit applies only to those persons who are incarcerated under a state mittimus. Where a person, such as the petitioner here, is confined awaiting trial on federal charges the statute does not apply and petitioner cannot be awarded pretrial confinement credit for such time. CT Page 15275
Accordingly, the petition for writ of habeas corpus is dismissed.
Joseph J. Purtill Judge Trial Referee